IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

TONI MARIE CAPONE KINSEY,

Plaintiff,

v.

ARIAN LODGING, LLC, a Texas limited liability company, DHARMESH BHAKTA, an individual, and PRITI BHAKTA, an individual,

Defendants.

# PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE U.S. DISTRICT JUDGE:

Plaintiff, TONI MARIE CAPONE KINSEY (hereinafter, "KINSEY"), by and through her undersigned attorney, files this, her Complaint for Damages against Defendants, ARIAN LODGING, LLC, DHARMESH BHAKTA, and PRITI BHAKTA, and states as follows:

## INTRODUCTION

1. This is an action by Plaintiff to recover unpaid minimum wage and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. At all times pertinent to this Complaint, the Defendants operated a motel at 10015 Main Street 610 South Loop, Houston, Texas 77025 (hereinafter, the "Motel").

4. The Motel did business under a variety of names, including, but not limited to, Rest Up Inn, OYO Hotel, and Carefree Inn.

5. At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise engaged in commerce or in the production of goods for commerce as defined in sections 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

6. Plaintiff's work at Defendants' motel enterprise involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business and moved in interstate commerce. These materials included soap, detergent, laundry supplies, bedding supplies, tools, telephones, paper, cleaners, and other materials necessary for the operation, cleaning, and maintenance of a motel. These materials were manufactured outside the State of Texas.

7. During the relevant time period described herein, Defendants employed at least two individuals who were "engaged in commerce or in the production of goods for commerce" or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A)(i). These materials included soap, detergent, laundry supplies, bedding supplies, tools, telephones, paper, cleaners, and other materials necessary for the operation, cleaning, and maintenance of a motel. These materials were manufactured outside the State of Texas.

8. Upon information and belief, during the period of Plaintiff's employment, Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

9. Guests staying at the Defendants' Motel came from throughout the United States.

10. The Defendants' Motel was engaged in interstate commerce. The Defendants used websites for interstate commerce purposes, including, but not limited to, booking Motel guest rooms.

11. Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within this judicial district.

12. Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in this judicial district.

## VENUE

13. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed in this judicial district; and

b. Defendants were and continue to be companies and an individual doing business within this judicial district.

## PARTIES

14. At the time material hereto, Plaintiff KINSEY was a resident of this judicial district and was an "employee" of Defendants within the meaning of the FLSA.

15. At all times material hereto, Defendant, ARIAN LODGING, LLC, was a Texas limited liability company operating and domiciled in Houston, Texas.

16. At all times material hereto, the individual Defendants were conducting business in this judicial district.

17. At all times material hereto, Defendants were the employers of Plaintiff.

18. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

19. At all times material hereto, Defendants failed to pay Plaintiff wages in conformance with the FLSA as set forth below.

20. Defendants committed a willful, malicious, and unlawful violation of the FLSA and are therefore liable for monetary damages.

21. During all times material hereto, ARIAN LODGING, LLC had two (2) or more employees.

22. Throughout all relevant periods, the Defendants' lodging enterprise generated in excess of $500,000 in revenue in both 2024 and 2025.

23. At all times material hereto, ARIAN LODGING, LLC is and was an "enterprise engaged in commerce" within the meaning of the FLSA.

24. At all times material hereto, the work performed by Plaintiff was directly essential to the business conducted by Defendants.

25. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

26. From approximately April 1, 2024, to approximately February 28, 2025, the Plaintiff was employed by Defendants' Motel, located at 10015 Main Street, 610 South Loop, Houston, Texas 77025. The Plaintiff performed housekeeping, laundry, maintenance, and other assigned tasks.

27. The Defendants also operated another motel, the OYO Hotel, at 28382 Southwest Fwy, Rosenberg, TX 77471. The Defendants, DHARMESH BHAKTA and PRITI BHAKTA coordinated the activities and operations of that business in Rosenberg, Texas with the Motel in Houston where the Plaintiff worked. This included sharing resources, equipment, materials and employees between the two motels.

28. While employed by Defendants from approximately April 1, 2024, to approximately February 28, 2025, Plaintiff was paid $200 (in cash) on a bi-monthly basis.

29. While employed at the subject Motel, the Plaintiff worked seven (7) days per week. Plaintiff's typical shift each day ran from about 11:00 a.m. to 11:00 p.m. In total, the Plaintiff worked approximately 84 hours per week (12 hours per day, 7 days a week = 84 hours).

30. While employed at the Motel, the Plaintiff was paid $400 per month. The Plaintiff was paid (in cash) $200 on a bi-monthly basis. Each $200 payment covered 15 or 16 days, depending on whether the calendar month had 30 or 31 days.

31. At all times during the Plaintiff's employment, she should have been paid at least the federal minimum wage ($7.25) for each hour worked. For each hour worked in excess of 40 hours per week, the Plaintiff should also have been paid $10.88 ($7.25 x 1.5 = $10.88).

32. Had the Plaintiff been paid proper minimum wages and overtime for 84 hours of work, she would have been paid $768.50 per week ($609.00 in minimum wages + $159.50 in overtime = $768.50).

33. However, based on Plaintiff's bi-monthly payments as aforesaid, in calendar months with 30 days, the Plaintiff was effectively paid only $93.33 per week. In months having 31 days, the Plaintiff was effectively paid only $90.32 per week. And, in months with 28 days, the Plaintiff was effectively paid only $100.00 per week.

34. Subtracting what the Plaintiff was paid per week from the amounts the Plaintiff should have been paid as aforesaid, the Plaintiff is owed and demands damages for **$31,205.82** (about $23,846.038 in minimum wages + $7,359.786 in overtime = $31,205.82), exclusive of liquidated damages, attorneys' fees, and costs.

35. Defendants' violation of the FLSA was willful by, among other things, failing to keep accurate records of Plaintiff's hours and wages worked in accordance with the FLSA's recordkeeping requirements, as well as willfully paying the Plaintiff in cash to avoid recordkeeping requirements specifically.

36. Defendant DHARMESH BHAKTA was a supervisor and manager of ARIAN LODGING, LLC. DHARMESH BHAKTA actively ran the subject Motel's business, managed its affairs, acted directly or indirectly in the interest of the Motel in relation to Plaintiff's employment, picked up revenue from the subject Motel, was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff, was substantially in control of the terms and conditions of Plaintiff's work, and directed his nephew, "Drew" (nicknamed, "Junior D") to conduct the Motel's affairs.

37. Defendant DHARMESH BHAKTA had the ability to hire and fire employees, supervised or controlled employees' work schedules and conditions of employment, and/or determined the rate and method of payment of wages to employees at the subject Motel.

38. DHARMESH BHAKTA was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Therefore, he is individually liable for the FLSA violations.

39. Defendant PRITI BHAKTA was a co-supervisor and co-manager of ARIAN LODGING, LLC. With her husband, PRITI BHAKTA helped manage the subject Motel's business, actively participated in the operation of ARIAN LODGING, LLC, had authority to hire and fire, was involved in the payroll of ARIAN LODGING, LLC, and was in control of the terms and conditions of Plaintiff's work.

40. PRITI BHAKTA was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Therefore, he is individually liable for the FLSA violations.

41. Plaintiff has retained the undersigned counsel to represent her in this litigation and has agreed to pay the firm a reasonable fee for their services.

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

42. Plaintiff realleges Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Plaintiff's employment with Defendants was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage.

44. 29 U.S.C. § 206 requires that any employee covered by the FLSA be paid their minimum wages.

45. During Plaintiff's employment, Defendants paid her less than the statutory minimum wage for her work hours.

46. Defendants acted willfully and maliciously in failing to pay proper minimum wages to Plaintiff.

47. For each workweek during the time periods set forth *supra*, Plaintiff is entitled to the federal minimum wage amount multiplied by the number of hours she worked per week, respectively.

48. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

**COUNT II**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

49. Plaintiff realleges Paragraphs 1 through 41as if fully stated herein.

50. Since Plaintiff's date of hire with Defendants, in addition to her regular work week, she worked additional hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half.

51. Plaintiff was entitled to be paid at the rate of time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

52. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by her in excess of the maximum hours provided for in the FLSA.

53. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due. Defendants also failed to adequately disclose or apprise Plaintiff of her rights under the FLSA.

54. Plaintiff is entitled to overtime calculated as 1.5 times the applicable minimum wage rate for all hours in excess of 40 per week, as set forth, *supra*.

55. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

56. Due to the willful, malicious, and unlawful acts of Defendants, Plaintiff has suffered unpaid overtime wages, plus an equal amount as liquidated damages, and her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

## **REQUEST FOR RELIEF**

For these reasons, the Plaintiff respectfully requests that judgment be rendered in her favor against each of the Defendants, jointly and severally, for:

a. all unpaid minimum wages due ($23,846.038);

b. all unpaid overtime wages owing ($7,359.786);

c. liquidated (double) damages;

d. attorneys' fees and costs pursuant to the FLSA;

e. post-judgment interest; and

f. all other and further relief this Court deems to be just.

Respectfully submitted,

*/s/. Peter J. Bober*
PETER J. BOBER
Texas Bar #: 24146717
BOBER & BOBER, P.A.
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 33021
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
*Counsel for Plaintiff*